**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JORDAN WILSON, <br><br> Plaintiff, <br><br> vs. <br><br> TIVITY HEALTH, INC., RICHARD ASHWORTH, ANTHONY M. SANFILIPPO, SARA J. FINLEY, ROBERT J. GRECZYN, JR., BETH M. JACOB, BRADLEY S. KARRO, STEPHANIE DAVIS MICHELMAN, and ERIN L. RUSSELL, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Jordan Wilson upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Tivity Health, Inc. ("Tivity Health" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Tivity Health to Stone Point Capital LLC ("Stone Point Capital") (the "Proposed Transaction").

2. On April 5, 2022, Tivity Health entered into an Agreement and Plan of Merger with Titan-Atlas Parent, Inc. ("Parent") and its direct, wholly-owned subsidiary, Titan-Atlas Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Parent and Merger Sub are affiliated with Trident IX, L.P., Trident IX Parallel Fund, L.P. and Trident IX Professionals Fund, L.P.

(collectively, the "Stone Point Funds"). Parent, Merger Sub and the Stone Point Funds are each associated with Stone Point Capital. Pursuant to the terms of the Merger Agreement, Stone Point Capital will acquire Tivity Health for $32.50 in cash for each share of Tivity Health common stock.

3. On May 24, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Tivity Health stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (a) the Company's financial projections; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Lazard Frères & Co. LLC ("Lazard"); (c) the background leading up to the Proposed Transaction; and (d) Company insiders' potential conflicts of interest.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.[1]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[1] The vote on the Proposed Transaction currently is scheduled for June 23, 2022.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Tivity Health common stock.

10. Defendant Tivity Health is a Delaware corporation, with its principal executive offices located at 701 Cool Springs Boulevard, Franklin, Tennessee 37067. Tivity Health's shares trade on the Nasdaq Global Select Market under the ticker symbol "TVTY."

11. Defendant Richard Ashworth is and has been President, Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Anthony M. Sanfilippo is and has been Chairman of the Board and a director of the Company at all relevant times.

13. Defendant Sara J. Finley is and has been a director of the Company at all relevant times.

14. Defendant Robert J. Greczyn, Jr. is and has been a director of the Company at all relevant times.

15. Defendant Beth M. Jacob is and has been a director of the Company at all relevant times.

16. Defendant Bradley S. Karro is and has been a director of the Company at all relevant times.

17. Defendant Stephanie Davis Michelman is and has been Chairman of the Board and a director of the Company at all relevant times.

18. Defendant Erin L. Russell is and has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On April 5, 2022, Tivity Health announced in relevant part:

NASHVILLE, Tenn., April 5, 2022 -- Tivity Health® (Nasdaq: TVTY), a leading provider of healthy life-changing solutions, including SilverSneakers®, Prime® Fitness and WholeHealth Living®, today announced that it has entered into a definitive agreement to be acquired by funds managed by Stone Point Capital. Under the terms of the agreement, Tivity Health stockholders will receive $32.50 in cash per share, representing a total transaction value of $2.0 billion. Upon completion of the transaction, Tivity Health will become a privately held company, and its common stock will no longer be traded on Nasdaq.

Anthony Sanfilippo, Chairman of the Board of Directors of Tivity Health, said, "This agreement with Stone Point creates immediate and substantial value for shareholders while ensuring the company continues to help SilverSneakers members live healthier, happier and more connected lives as a leading senior fitness and health improvement platform. This transaction is the culmination of an extensive review of strategic alternatives that the Board initiated after receiving an unsolicited proposal from Stone Point. As part of that review, the Board engaged

with numerous potential acquirers with the assistance of outside advisors. The Board unanimously agreed that the transaction with Stone Point is the best opportunity for maximizing the value of Tivity Health. I am proud of what this company has accomplished for all stakeholders, in navigating the pandemic, streamlining and focusing the business, and executing on its strategy. Because of our team's incredible work and dedication, over the past twelve months, Tivity Health stock has delivered a return of approximately 40%, and since February 28, 2020, has delivered a 155% return."

Richard Ashworth, President and Chief Executive Officer of Tivity Health commented, "Stone Point recognizes the value of our brands, our well-known senior fitness and health improvement platform, and our world-class team. In the past two years, we have strengthened the business and look forward to working with Stone Point as we continue to innovate and expand on the healthy, life-changing solutions we provide to members, clients and partners."

Chuck Davis, CEO of Stone Point, said, "We have followed Tivity Health's success for many years and have admired the positive impact it has had on the health and well-being of seniors who participate in its programs. We believe that the company is well positioned to leverage its market leading SilverSneakers® brand to capitalize on attractive secular tailwinds. We look forward to working with the company to broaden its service offerings to seniors to assist them in leading healthier lives. Stone Point is thrilled to partner with the Tivity Health management team to support the company in its next phase of growth."

**Transaction Details**
The $32.50 in cash per share to be received by Tivity Health stockholders represents a 20% premium to the 90-day volume-weighted average price (VWAP) ending April 4, 2022. Fully committed debt financing has been obtained and the transaction is not subject to a financing condition. The transaction is expected to close in or prior to the third quarter of 2022, subject to the receipt of shareholder approval, regulatory approval and other customary closing conditions. Following completion of the transaction, Tivity Health will become a privately held company.

Richard Ashworth will remain President and Chief Executive Officer of Tivity Health, upon closing of the transaction, and the Company will maintain its headquarters in Franklin, Tennessee and its campus location in Chandler, Arizona.

**Advisors**
Lazard is acting as the exclusive financial advisor to Tivity Health and Bass Berry & Sims PLC is serving as legal counsel to the Company. Truist Securities is acting as exclusive financial advisor to Stone Point and Kirkland & Ellis is serving as legal advisor to Stone Point.

**The Materially Incomplete and Misleading Proxy Statement**

21. On May 24, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Tivity Health stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Lazard; (c) the background leading up to the Proposed Transaction; and (d) Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning Tivity Health's Financial Projections*

22. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

23. For example, with respect to the Company's financial projections, the Proxy Statement fails to disclose all line items underlying: (a) Adjusted EBITDA; and (b) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Lazard's Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning Lazard's financial analyses.

25. With respect to Lazard's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) Tivity Health's terminal year unlevered free cash flow utilized in the analysis; (b) the Company's terminal values; (c) the inputs and assumptions underlying the discount rates ranging from 10.00% to 11.00%; and (d) the Company's net debt.

26. With respect to Lazard's *Selected Public Company Trading Analysis*, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies analyzed by Lazard; (b) the Company's net debt; and (c) Tivity Health's estimated Adjusted EPS for fiscal years 2022 and 2023.

27. With respect to Lazard's *Premiums Paid Analysis*, the Proxy Statement fails to disclose: (a) the transactions analyzed; and (b) the individual premiums observed for each transaction.

28. With respect to Lazard's *Equity Research Analyst Price Targets* analysis, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

29. The Proxy Statement fails to disclose material information concerning the background leading up to the Proposed Transaction.

30. Specifically, the Proxy Statement sets forth that, "[i]n summary, of the 31 parties contacted including Stone Point Capital, 21 parties (comprised of 20 financial sponsors and one strategic party) entered into non-disclosure agreements with Tivity Health containing customary standstill provisions and received initial information[.]" Proxy Statement at 35. Yet, the Proxy Statement fails to disclose whether any of the non-disclosure agreements the Company entered into with potential counterparties during the sale process include a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding these parties from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

31.     The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

32.     Specifically, the Proxy Statement fails to disclose whether any of Stone Point Capital's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. Notably, according to the April 5, 2022 press release announcing the Proposed Transaction, "Richard Ashworth will remain President and Chief Executive Officer of Tivity Health, upon closing of the transaction[.]"

33.     In sum, the omission of the above-referenced information renders statements in the "Projections Prepared by Tivity Health's Management," "Opinion of Tivity Health's Financial Advisor," "Background of the Merger," and "Interests of the Directors and Executive Officers of Tivity Health in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Tivity Health will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tivity Health**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made,

omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Tivity Health is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Tivity Health within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Tivity Health and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as

controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Tivity Health, and against defendants, as follows:

  A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 1, 2022          **LONG LAW, LLC**

By   */s/ **Brian D. Long***
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*